UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dwaine Greg Harris<br><br>　　　Plaintiff<br><br>vs.<br><br>Midland Credit Management, Inc. and Clarkson & Hale, LLC<br><br>　　　Defendants | C/A NO: 2:24-cv-03147-DCN<br><br><br>**COMPLAINT**<br>(Jury Trial Requested) |

Dwaine Greg Harris ("Harris" or "Plaintiff") files this Complaint against Midland Credit Management, Inc. ("MCM" or "Defendant") and Clarkson & Hale, LLC ("C&H" or "Co-Defendant"). Collectively, both MCM and C&H are called the Defendants. The Plaintiff respectfully shows the Court the following:

### JURISDICTION

1.　　The Plaintiff is a resident of Dorchester County, South Carolina. His address is 142 Helen Drive, Summerville, South Carolina 29483.

2.　　The Defendant MCM is a debt buyer doing business in Dorchester County, South Carolina that collects delinquent debts from South Carolina consumers like Plaintiff.

3.　　Defendant MCM is incorporated in Kansas and Defendant can be served with process via its registered agent in South Carolina, which is Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169.

4. Defendant Clarkson & Hale, LLC is a South Carolina law firm and debt collector that regularly collects debts from South Carolina consumers like Plaintiff.

5. Defendant Clarkson & Hale, LLC is incorporated in South Carolina and can be served with process via its registered agent in South Carolina, which is Wylie Clarkson, 1044 Wildwood Centre Drive, Columbia, South Carolina 29229.

6. Jurisdiction and venue is proper in Dorchester County because the allegedly improper debt collection conduct took place in Dorchester County, South Carolina.

7. The basis for federal court jurisdiction is a federal question under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## FACTUAL ALLEGATIONS

8. The Plaintiff re-alleges and reasserts the information alleged in the preceding paragraphs as if repeated verbatim.

9. On or about May 18, 2023, Defendant MCM filed a debt collection action against Harris in the Dorchester County Magistrate Court. This debt collection action was filed for MCM by C&H, a law firm that regularly collects debts in South Carolina for MCM.

10. On May 23, 2023, Defendants completed service of the debt collection summons & complaint on Harris.

11. The Plaintiff, through counsel, sent a complaint letter to the South Carolina Department of Consumer Affairs on May 21, 2024, informing them of the Defendant's alleged consumer violations. No response to this letter has yet been received by Harris.

12. Prior to serving Harris with the debt collection complaint, neither Defendant sent Harris the Notice of Consumer's Right to Cure that was required to have been sent to Harris pursuant to S.C. Code Sec. 37-5-110 and 37-5-111.

13. The South Carolina Court of Appeals, in a published opinion, has ruled that debt buyers, like MCM, are required to comply with the statute indicated above. *Portfolio Recovery Associates, LLC v. Campney,* 441S.C. 36, 892 S.E.2d 321 (SC Ct. App. 2023).

14. In the debt collection complaint against Harris, the Defendants alleged that the Harris consumer credit card debt had been assigned to MCM, which Defendants have failed to prove.

15. In the debt collection complaint against Harris, the Defendants alleged that Harris owed MCM the amount of $4,380.08, which Defendants have failed to prove.

16. In the debt collection complaint against Harris, the Defendants failed to attach an itemized copy of the account to the pleading, in violation of Rule 9(i), SCRCP.

17. Defendants have engaged in such other and further violations of the authorities indicated below as Harris may be able to prove at any hearing or trial in this matter, and Harris reserves the right to amend this Complaint to include such violations as they may become apparent.

**VIOLATION OF THE FDCPA**
(As to both Defendants)

18. That the allegations as contained in the foregoing paragraphs are realleged and incorporated by reference as if set forth fully herein.

19. That Defendant is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person allegedly obligated to pay a debt.

20. That the credit card account at issue in this case is a "debt" as defined at 15 U.S.C. Sec. 1692a(5).

21. That MCM is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

22. That C&H is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

23.     That Defendants violated the Fair Debt Collections Practices Act (FDCPA) by failing to send the defendant the Notice of Consumer's Right to Cure required by S.C. Code § 37-5-110 & -111 which also violates 15 U.S.C. § 1692e and 1692f.

24.     That Defendants violated the Fair Debt Collections Practices Act (FDCPA) by alleging that the Harris consumer credit card debt had been assigned to MCM in the state magistrate court collection action.

25.     That Defendants violated the Fair Debt Collections Practices Act (FDCPA) by alleging that Harris owed MCM the amount of $4,380.08 in the state magistrate court collection action.

26.     That Defendants violated the Fair Debt Collections Practices Act (FDCPA) by failing to attach an itemized copy of the account to the pleading in the state magistrate court collection action.

27.     That, upon information and belief, Defendants violated the FDCPA in other such manners and through utilizing such methods as may be shown through discovery and proved at trial.

28.     That as a direct and proximate cause of the actions of Defendants, Harris has incurred vehicle mileage expenses and legal fees and costs from defending the improper state magistrate court debt collection action that was necessary in order to recover his damages in this case and has incurred such other damages as may be shown through discovery and proved at trial.

29.     That Harris is entitled to recover his actual damages as may be proved at trial and $1,000.00 in statutory damages plus his attorney's fees and the costs incurred in pursuing this action as authorized pursuant to 15 U.S.C. § 1692k(a).

**VIOLATION OF THE SCUTPA**
(As to both Defendants)

30. That each and every allegation set forth above is realleged and incorporated by reference as if set forth fully herein.

31. The factual allegations above, plus any facts that Harris may later establish at any hearing or trial in this matter constitute a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), as may be found at South Carolina Code Sec. 39-5-10 et seq..

32. To establish a violation of the SCUTPA, Harris must establish that Defendants have engaged in either unfair methods of competition or deceptive acts and practices in the conduct of any trade or commerce in South Carolina.  It is also necessary to show that the improper conduct have an adverse impact upon the public interest, which requires that the improper conduct have the potential for repetition, which may be shown either by showing that the same kind of actions happened in the past or by showing that the Defendants' procedures create a potential for repetition of the improper conduct.

33. A violation of the SCUTPA allows any person who has lost money or property as a result of the unfair or deceptive acts or practices to recover actual damages, plus reasonable attorney fees and costs.  If the court finds that the SCUTPA violation was willful or knowing, then the court must award treble damages, and may provide such other relief as is necessary or proper.

34. Defendants' actions which are alleged above to be unfair, unconscionable, false, misleading or deceptive violate the SCUTPA.

35. MCM is a debt buyer.  C&H is a debt collection law firm. As part of their normal business operations, they file lawsuits against consumers in an attempt to collect debts.  These lawsuits that are filed by MCM and C&H constitute part of their normal trade or commerce in the state of South Carolina.

36. Upon information and belief, MCM's and C&H's debt collection complaints against other consumers in this state are substantially similar to the debt collection complaint filed against Harris. This demonstrates the element of potential for repetition which is required in order to violate the SCUTPA.

37. Defendants either knew or should have known that they were filing lawsuits that violated the rules and statutes indicated above.

38. Defendants have failed to exercise due diligence in reviewing and filing improper lawsuits against both Harris and other South Carolina consumers.

39. Defendants' actions in filing lawsuits that violated the rules and statutes indicated above were unfair or deceptive.

40. Defendants' actions in filing lawsuits that violated the above rules and statutes were knowing or willful.

41. Defendants should be enjoined from any further violations of the SCUTPA.

42. Harris reserves the right to establish such other violations of the SCUTPA as defendant may be able to prove at any hearing or trial in this matter.

## NEGLIGENCE PER SE
(As to both Defendants)

43. That each and every allegation and defense as set forth above is realleged and incorporated by reference as if set forth fully herein.

44. That the actions of Defendants alleged above which violate any statute constitute negligence per se under South Carolina law, since Harris is a member of the classes protected by those statutes.

45. That Defendants owed a duty to Harris to avoid violating any of the above rules or statutes.

46.  That the failure of Defendants to follow the rules and statutes indicated above are the proximate cause of damages to the defendant, including Harris's need to incur otherwise unnecessary legal fees and expenses in defending plaintiff's improper state magistrate court debt collection action and pursuing recovery of those damages in this Complaint.

**INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(As to both Defendants)

47.  The Plaintiff re-alleges and reasserts the information alleged in the preceding paragraphs as if repeated verbatim.

48.  Defendants intentionally or recklessly inflicted severe emotional distress to Harris as a result of their conduct.

49.  If the conduct by the Defendants was not intentional, it was at least negligent.

50.  The conduct of the Defendants was extreme and outrageous.

51.  It was foreseeable the Defendants' conduct would cause Harris emotional distress.

52.  The Defendants' actions are the actual and proximate cause of Harris's emotional distress.

53.  The emotional distress suffered by the Plaintiff was severe.

54.  The Plaintiff has suffered severe psychological and medical injuries as a direct result of the improper collection conduct by the Defendants. The effects of the severe emotional distress suffered by Harris have been witnessed both by Harris's treating medical professionals and Harris's friends and relatives.

**CONCLUSION**

THEREFORE, the Plaintiff Dwaine Greg Harris respectfully prays this Court for the following relief:

1. That Plaintiff be given a jury trial on all matters so triable;

2. That this Court enter a judgment in favor of defendant ruling that Defendants have violated the FDCPA;

3. That this Court enter a judgment in favor of defendant ruling that Defendants have violated the SCUTPA;

4. That this Court enter a judgment in favor of defendant ruling that Defendants are liable to Harris for negligence per se for any statutes or rules that the court finds that Defendants have violated;

5. That this Court enter a judgment in favor of defendant ruling that Defendants are liable to Harris for the intentional/negligent infliction of emotional distress based on their improper debt collection conduct;

6. That Harris have and recover from Defendants a sum to be determined by the court for compensation for Harris's actual damages;

7. That Harris have and recover from Defendants a sum to be determined by the court for compensation for Harris's attorney fees and costs;

8. That Harris have and recover from both MCM and C&H separately the sum of $1,000.00 each in statutory damages for all violations of the FDCPA;

9. That the court issue an injunction preventing the Defendants from any further violations of the SCUTPA (S.C. Code Sec. 39-5-10);

10. That the court award treble damages against the Defendants for violations of S.C. Code Sec. 39-5-10, if appropriate;

11. That the court award such punitive damages as may be appropriate against the Defendants for any actions that the court finds to be either reckless, willful, or intentional;

**12.** For such other and further relief as this Court deems just and proper.

May 21, 2024                                  Cantrell Legal, PC

                                               By:     /s/ John R. Cantrell Jr.
                                                       Attorney for Plaintiff
                                                       108 Phillips Ct.
                                                       St. Matthews, SC 29135-8582
                                                       Telephone: (843) 797-2454
                                                       Email: johncantrelljr@gmail.com