IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DWAINE GREG HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-03147-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| MIDLAND CREDIT MANAGMENET, INC.; | ) | |
| and CLARKSON & HALE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The following matter is before the court on defendant Clarkson & Hale, LLC's

("C&H") motion to dismiss, ECF No. 12, and defendant Midland Credit Management,

Inc.'s ("Midland") motion to dismiss, ECF No. 14.  For the reasons set forth below, the

court grants the motions.

## I.  BACKGROUND

This dispute arises from a state court debt collection lawsuit (the "State Court

Action") filed by C&H and Midland (together "defendants") against plaintiff Dwaine

Greg Harris ("Harris").  ECF No. 7, Amend Compl.  Midland is a debt buyer that

purchases delinquent debts from original creditors.  Amend. Compl. ¶ 2.  C&H, a South

Carolina law firm, represented Midland in the State Court Action.  Id. ¶ 3.

On May 18, 2023, defendants filed the State Court Action in the Magistrate's

Court for Dorchester County to collect Harris's consumer credit card debt.  Id. ¶ 9; ECF

No. 20-1 at 8–21.  Harris was served with the State Court Action on May 23, 2023.

Amend Compl. ¶ 14.  Neither C&H nor Midland sent Harris a notice of consumer's right

to cure ("NORTC") document before filing the State Court Action.  Id.  Defendants

alleged in the State Court Action complaint that: (a) Harris's consumer credit card debt had been assigned to Midland; (b) Harris's consumer credit card debt totaled $4,380.08 and payment was due immediately to Midland; (c) and "the [NORTC] as contemplated by S.C. Code. Sections §§ 37-5-110 and 37-5-111, was sent to [Harris] or was not required." ECF No. 20-1 at 15–16. On August 5, 2024, the State Court Action was dismissed without prejudice by the consent of the parties. Id. ¶ 20.

On May 23, 2024, Harris filed his original complaint. ECF No. 1, Compl. Harris filed an amended complaint on September 23, 2024. ECF No. 7, Amend Compl. The amended complaint asserts five causes of action against defendants: (1) violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq.; (2) violation of the South Carolina Consumer Protection Code (the "SCCPC"), S.C. Code Ann. § 37-1-101 et seq.; (3) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"); (4) negligence per se; and (5) intentional/negligent infliction of emotional distress. Id. ¶¶ 22–77

On November 4, 2024, C&H filed its motion to dismiss. ECF No. 12. Harris responded in opposition on November 28, 2024, ECF No. 20, to which C&H replied on December 5, 2024, ECF No. 24. On November 6, 2024, Midland filed its motion to dismiss. ECF No. 14. Harris responded in opposition on December 2, 2024, ECF No. 22, to which Midland replied on December 16, 2024, ECF No. 26. The court heard oral argument on both motions on February 10, 2024. ECF No. 36. As such, the motions are fully briefed and now ripe for the court's review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, Rule 8 requires a complaint to contain: (1) "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Moreover, under Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.   DISCUSSION

Defendants move to dismiss each of Harris's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 12; 14.  Ultimately, the court dismisses Harris's FDCA claim because it is time-barred and declines to exercise supplemental jurisdiction over his remaining, state-law claims.

### A.  The FDCPA

The FDCPA prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  To state a claim for a FDCPA violation, the plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (quoting Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010), aff'd, 442 F. App'x 816 (4th Cir. 2011); see, e.g., Smith v. Dynamic Recovery Sols. LLC, 2019 WL 2368460, at *2 (D.S.C. June 5, 2019). The FDCPA is a strict liability statute, and thus "a debtor generally is not required to show an intentional or knowing violation on the part of the debt collector to recover damages under the FDCPA."  Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 389 (4th Cir. 2014).

#### 1.  The FDCA's One-Year Statute of Limitations

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  The text of § 1692k(d) "unambiguously sets the date of the violation as the event that starts the one-year

limitations period."[1] <u>Rotkiske v. Klemm</u>, 589 U.S. 8, 13 (2019); <u>see also</u> <u>Bender v.</u>

<u>Elmore & Throop, P.C.</u>, 963 F.3d 403, 407 (4th Cir. 2020).

Harris alleges the following FDCPA violations against defendants:

- "[F]ailing to send Harris the [NORTC]" before to filing the State Court Action. Amend. Compl. ¶¶ 27–28.

- "[A]lleging in paragraph 10 of the [State Court Action] complaint that the NORTC was either sent to Harris or was not required to be sent to Harris." <u>Id.</u> ¶ 29.

- Alleging in the State Court Action compliant that "[Harris's] consumer credit card debt had been assigned to [Midland]." <u>Id.</u> ¶ 30.

- Alleging in the State Court Action compliant "that Harris owed [Midland] the amount of $4,380.08." <u>Id.</u> ¶ 31.

- "[F]ailing to attach an itemized copy of the account to the [State Court Action] pleading." <u>Id.</u> ¶ 32.

Each violation of the FDCPA that Harris alleges is based upon defendants' actions

before or at the time of filing the State Court Action, and therefore the court determines

the starting date of the statute of limitations from the filing date of the State Court Action.

Rule 3(a) of South Carolina Rule of Civil Procedure provides:

**(a) Commencement of Civil Action.** A civil action is commenced when the summons and complaint are filed with the clerk of court if:

(1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or

(2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing

---

[1] In <u>Rotkiske</u>, the Supreme Court of the United States considered whether the one-year statute of limitations period under the FDCPA begins on the date of the violation or the date that the plaintiff discovers the violation." <u>Rotkiske v. Klemm</u>, 589 U.S. 8, 10 (2019). The court held that there is no "discovery rule" for FDCPA claims, so "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." <u>Id.</u>

Rule 3(a), SCRPC; see Mims ex rel. Mims v. Babcock Ctr., Inc., 732 S.E.2d 395,

397–98 (S.C. 2012).  Under Rule 3(a), SCRCP, the State Court Action was filed,

and was therefore commenced, on May 18, 2023.[2]  See Amend. Compl. ¶¶ 27–32.

Thus, the one-year statute of limitations period for Harris's FDCPA claim ran

from, at the latest, May 18, 2023, to May 18, 2024.  However, Harris filed his

FDCPA lawsuit on May 23, 2024, and does not argue that any equitable tolling of

the statute of limitations period should apply.  See ECF Nos. 1; 7.  Consequently,

the court finds that Harris's FDCPA claim, as pleaded, is barred by the statute of

limitations, and the court therefore dismisses Harris's FDCPA claim with

prejudice.

### B.  State-Law Claims

Because the court dismisses Harris's FDCPA claim, it declines to exercise

supplemental jurisdiction over Harris's SCCPC, SCUTPA, negligence per se, and

intentional/negligent infliction of emotional distress claims.  See 28 U.S.C. § 1367(c)(3).

A federal district court "has jurisdiction over an entire action, including state-law

claims, whenever the federal-law claims and state-law claims in the case 'derive from a

common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be

expected to try them all in one judicial proceeding.'"  Carnegie-Mellon Univ. v. Cohill,

---

[2] Harris abandons the allegations of his amended complaint and argues—for the
first time—in his responsive briefing and at oral argument that the alleged FDCPA
violation occurred on May 23, 2023, when defendants served Harris with the State Court
Action. ECF Nos. 20 at 1–3; 21 at 4–6.  Nonetheless, "[i]t is well-established that parties
cannot amend their complaints through briefing or oral advocacy." S. Walk at
Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175,
184 (4th Cir. 2013).  Harris made no such allegation in his complaint or amended
complaint. See ECF Nos. 1; 7.  He may not improperly amend his pleadings to do so
now.

484 U.S. 343, 349 (1988) (quoting Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  A

district court may decline to exercise supplemental jurisdiction over pendent state claims

if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).  Consequently, when a district court dismisses

every claim over which it had original jurisdiction, it can address the remaining pendent

state law claims in three ways.  The court can (1) "dismiss the pendent state-law claims

without prejudice"; (2) "remand the state-law claims to the state court"; or (3) "decide the

merits of the state-law claims."  Farlow v. Wachovia Bank of N.C., N.A., 259 F.3d 309,

316-17 (4th Cir. 2001).

A district court has broad discretion in deciding whether to dismiss, remand, or

retain a case after relinquishing all claims over which it had original jurisdiction. See,

e.g., Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (stating that

supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right").  In

determining whether to retain, remand, or dismiss pendent state law claims, a district

court should consider "the values of judicial economy, convenience, fairness, and

comity."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  "[I]n the usual

case in which all federal-law claims are eliminated before trial, the balance of factors to

be considered under the pendent jurisdiction doctrine—judicial economy, convenience,

fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350.

Having dismissed Harris's only federal law claim over which the court has original jurisdiction, the court finds that each factor weighs in favor of declining jurisdiction over Harris's remaining, state law claims.  The statute of limitations period for Harris's FDCPA claim has elapsed, and thus there is no remedy under the FDCPA available for Harris in federal court.  See First United Methodist Church of Hyattsville v. U.S. Gypsum Co., 882 F.2d 862, 865 (4th Cir. 1989) ("A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action.").  The principles of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction because the court is without an anchoring claim of original jurisdiction.  E.g., Croft v. Bayview Loan Servicing, LLC, 166 F. Supp. 3d 638, 642 (D.S.C. 2016).  Further, assuming that Harris's state-law claims are still viable, it would be more appropriate and efficient for them to be adjudicated in a single, state court proceeding.  South Carolina has a significant interest in interpreting its own statutes and consumer protection code to Harris's state law claims. See Freeman v. J.L.H. Invs., LP, 778 S.E.2d 902, 907 (S.C. 2015).  Therefore, the court declines to exercise jurisdiction over Harris's claims for SCCPC, SCUTPA, negligence per se, and intentional/negligent infliction of emotional distress.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** Defendants' motions to dismiss. Accordingly, the court **DISMISSES** Harris's FDCPA claim with prejudice and

8

**DISMISSES** Harris's SCCPC, SCUTPA, negligence per se, and intentional/negligent

infliction of emotional distress claims without prejudice.

    **AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 13, 2025**
**Charleston, South Carolina**